Military pay; Court of Claims jurisdiction; finality of Secretary’s decision on disability; presumption of correctness; declaratory judgment. — On April 25, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
Plaintiff was retired by reason of length of service in the Army and was placed on the retired list effective August 1, 1976. He has petitioned to recover disability retired pay from August 26, 1974, the date that a Physical Evaluation Board recommended his retirement with a 60-percent disability rating. This recommendation was disapproved. Plaintiff asks the court to void his release from active duty *763 in 1976 and to correct his records to show that he was placed on the permanent retired list for disability effective August 26, 1974. The case is presented to the court on defendant’s motion to dismiss. Plaintiff was denied relief on jurisdictional grounds, by the United States District Court for Western Missouri, in a memorandum opinion dated September 7, 1977. We reach a similar result on different grounds.
Plaintiff has attempted since about 1972 to establish his entitlement to disability retirement. The papers before the court show that he had numerous physical examinations in the Army and that on 14 different occasions rulings were made on his condition pertaining to disability retirement. On five occasions plaintiff was found to be disabled in various degrees. The last such occasion was on August 26, 1974, as noted above. On nine occasions plaintiff was found to be physically fit for military service. The August 26, 1974, determination was rejected by a Physical Review Council, by the Secretary of the Army, and twice by the Army Board for Correction of Military Records, the last time in 1976. Plaintiff says that these adverse determinations were arbitrary, capricious, contrary to the law and regulations, and lacking in the support of substantial evidence, and that we should set them aside.
As a retiree for longevity, plaintiff has been receiving the maximum retirement based on 75 percent of his monthly basic pay to which he would be entitled if he were on active duty, 10 U.S.C. § 3991 (1976), adjusted periodically for rises in the Consumer Price Index. The United States Army Finance & Accounting Center states, in a letter requested by the court at oral argument, that the pay plaintiff could receive for disability pursuant to 10 U.S.C. §§ 1201, 1401 (1976) is the same as he is getting for retired pay based on longevity. However, under section 104(a)(4) of the Internal Revenue Code of 1954, there are tax-exempt benefits which accrue to those who draw disability retired pay. This consideration impels plaintiffs claim.
Defendant cites the case of Woodward v. United States, 209 Ct. Cl. 769 (1976), to support the motion to dismiss. In Woodward, plaintiff had retired from the Air Force for length of service but sought a correction of his records to *764 show retirement for disability and a money judgment for amounts withheld by the Air Force from his retired pay for income tax purposes. The Correction Board denied relief and so did the court. In its order dismissing the petition, the court said that the claim was indistinguishable from and squarely controlled by United States v. King, 395 U.S. 1 (1969). The reason for this ruling was that plaintiff had not stated a claim for presently due money damages from the United States, and he had made no claim for a tax refund. Plaintiff Harris denies he is seeking a tax refund but it is hard to see by what other standard his damages would be measured, nor does he suggest any other standard or explain what his money damages would be. Our jurisdiction does not depend upon the happenstance of future events. Ellis v. United States, 222 Ct. Cl. 65, 610 F.2d 760 (1979); Craft v. United States, 218 Ct. Cl. 579, 589 F.2d 1057 (1978). The present case cannot be distinguished from the King and Woodward facts in any essential particular. We cannot give plaintiff a declaratory judgment. As the Supreme Court said in United States v. King, supra, 395 U.S. at 3:
* * * neither the Act creating the Court of Claims nor any amendment to it grants that court jurisdiction of this present case. That is true because Colonel King’s claim is not limited to actual, presently due money damages from the United States. Before he is entitled to such a judgment he must establish in some court that his retirement by the Secretary of the Army for longevity was legally wrong and that he is entitled to a declaration of his right to have his military records changed to show that he was retired for disability. This is essentially equitable relief of a kind that the Court of Claims has held throughout its history * * * that it does not have the power to grant.
See also United States v. Testan, 424 U.S. 392 (1976). The Court of Claims can give a declaratory judgment only in limited cases authorized specifically by statute or to implement a money judgment. Gentry v. United States, 212 Ct. Cl. 1, 24, 546 F.2d 343, 355 (1976); Austin v. United States, 206 Ct. Cl. 719, cert. denied, 423 U.S. 911 (1975).
In short, plaintiff would not be entitled to any additional money if he had been retired for disability in 1974 instead of for longevity in 1976. Since the latter date his retirement *765 pay would have been the same. Between 1974 and 1976 his retirement pay would have been less than the active duty pay he received. Plaintiff has not stated a claim for "actual, presently due money damages from the United States.” United States v. King, supra.
Plaintiff alleges, however, that defendant must be es-topped from denying our jurisdiction because before the district court it urged, successfully, that we had jurisdiction to grant complete relief to plaintiff. Of course, we do not derive our jurisdiction from what counsel may argue in another case. Our jurisdiction is statutory and strictly construed. We also note that the circumstances of plaintiffs claim in the district court and here differ. There he sought declaratory relief while he was still serving on active duty and thus was not receiving longevity retirement pay and was not seeking disability pay in lieu of it, as he does here. The district court did not reach the merits of the case now presented.
it is therefore ordered, upon consideration of the pleadings, motion and response thereto, and upon oral argument, that plaintiff has not stated a claim within the court’s jurisdiction to grant relief. Defendant’s motion to dismiss is granted. The petition is dismissed.