**Helen GUERCIO, Plaintiff–Appellee,**

v.

**George BRODY, Defendant–Appellant,**

**John Feikens, Defendant.**

**No. 89–1146.**

United States Court of Appeals,
Federal Circuit.

Sept. 6, 1989.

---

Katherine S. Gruenheck, Dept. of Justice, Washington, D.C., argued for defendant-appellant. With her on the brief were John R. Bolton, Asst. Atty. Gen., Washington, D.C., Roy C. Hayes, U.S. Atty., Detroit, Mich., and Barbara L. Herwig, Washington, D.C.

Before FRIEDMAN, ARCHER and MICHEL, Circuit Judges.

## ORDER

ARCHER, Circuit Judge.

Helen Jean Guercio, after being dismissed as the confidential secretary to former bankruptcy judge George Brody, brought a civil action for damages against Judge Brody and John Feikens, then Chief Judge of the United States District Court for the Eastern District of Michigan. Guercio's suit against Judges Brody and Feikens (defendants) claimed infringement of her First Amendment rights because her termination allegedly occurred in retaliation for her public speech. She sought compensatory and punitive damages against the defendants in their individual capacities and reinstatement and back pay from the defendants in their official capacities.

Initially the suit was dismissed on the grounds of absolute judicial immunity, but this decision was reversed in *Guercio v. Brody*, 814 F.2d 1115 (6th Cir.), *reh'g granted in banc*, 823 F.2d 166 (1987), *re-reported*, 859 F.2d 1232 (6th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988).[1] On remand, Judge Brody moved to dismiss Guercio's second amended complaint on qualified immunity grounds. The district court denied the motion and this appeal followed.[2] Judge Brody also filed an appeal to the Court of Appeals for the Sixth Circuit, which is pending in that court.

Judge Brody, citing the Supreme Court's decision in *United States v. Hohri*, 482 U.S. 64, 75–76, 107 S.Ct. 2246, 2253, 96 L.Ed.2d 51 (1987), contends that jurisdiction lies in this court under 28 U.S.C. § 1295(a)(2) (1982) because the district court's jurisdiction was based in part on a Little Tucker Act claim. *See* 28 U.S.C. § 1346(a)(2) (1982). We conclude, however, that Guercio's second amended complaint does not state a claim under that Act.

While the Tucker Act (including the Little Tucker Act) provides "consent of the United States to be sued ... for the classes of claims described in the Act," *United States v. Mitchell*, 463 U.S. 206, 215, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983), "the Tucker Act 'does not create any substantive right enforceable against the United States for money damages.'" *Id.* at

---

1. Appeal to the Sixth Circuit was taken prior to the Supreme Court decision in *United States v. Hohri*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987).

2. Appeal was taken from the order denying qualified immunity under the authority of *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985).

216, 103 S.Ct. at 2967 (quoting *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980)); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Some other source of a substantive right to money damages must be found. *Mitchell,* 445 U.S. at 538, 100 S.Ct. at 1351.

In addition to the relief against the defendants in their individual capacities requested in the second amended complaint, Guercio seeks:

> A mandatory injunction ordering defendants to reinstate plaintiff to her former position or an equivalent position, with all compensatory damages, employment rights, privileges, pay and benefits due her, relating back to the date of the illegal and unconstitutional termination of plaintiff's employment. Plaintiff waives all money claims against the defendants in their official capacities and against the United States in excess of ... $9,999.00. However, plaintiff does not waive any such claims against defendants Brody and Feikens in their individual capacities.

If we assume that this provision is intended to be a claim for back pay against the United States, Guercio has identified no substantive provision entitling her to such money damages.[3]

■ We have examined the Back Pay Act, 5 U.S.C. § 5596(b) (1982), which authorizes retroactive recovery of wages whenever "[a]n employee of an agency" has undergone "an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or part of" the compensation to which the employee is otherwise entitled, to see if it could cover Guercio. We conclude that it does not be-

cause she is not an employee of an agency within the meaning of the Back Pay Act.

While an "agency" is defined to include "the Administrative Office of the United States Courts," 5 U.S.C. § 5596(a)(2) (1982), Guercio is not considered to be such an employee. *See* 28 U.S.C. §§ 601 *et seq.*[4] Rather, she is an employee of the court to which she was appointed and which exercised hiring authority over her. 28 U.S.C. § 609 (1982). In this connection, 28 U.S.C. § 772 (1982) provides that "[b]ankruptcy judges may appoint necessary other employees, including ... secretaries."

Since the Back Pay Act is inapplicable to the confidential secretary of a bankruptcy judge, Guercio cannot avail herself of that Act to claim a substantive right to the payment of money against the United States. *See Mitchell,* 445 U.S. at 538, 100 S.Ct. at 1351; *Testan,* 424 U.S. at 398, 96 S.Ct. at 953. Moreover, we are not aware of any other statutory or regulatory authority that might entitle a person in Guercio's position to an award of back pay and none has been cited in the complaint.

■ In view of the foregoing, the district court did not have jurisdiction over a claim satisfying the requirements of the Little Tucker Act, and for that reason we are without jurisdiction to hear this appeal. *Cf. United States v. Hohri,* 482 U.S. at 75–76, 107 S.Ct. at 2253.

Accordingly, IT IS ORDERED that the appeal is dismissed.

---

**3.** Guercio has not directly claimed money damages against the United States because the United States has not been made a party to this proceeding. The Tucker Act by its terms is limited to suits against the United States. *See* 28 U.S.C. § 1346(a) (1982); *also see Van Drasek v. Lehman,* 762 F.2d 1065, 1069–70 (D.C.Cir. 1985). In view of our decision, however, that no source of a "substantive right enforceable against the United States for money damages" has been set forth in the second amended complaint, we need not decide whether the United

States as a proper party defendant could be named at this stage.

**4.** 28 U.S.C. § 602 (1982) provides the Director of the Administrative Office with the authority to "appoint and fix the compensation of necessary employees of the Administrative Office." Separately, 28 U.S.C. § 609 (1982) provides that "[t]he authority of the courts to appoint their own administrative or clerical personnel shall not be limited by any provisions of this chapter."