955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Claude J. BRIDGES, Plaintiff-Appellant,
v.
The SECRETARY of the AIR FORCE; the Air Force Board for
Correction of Military Records, Defendants-Appellees.
 No. 91-2161.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Claude J. Bridges appeals the district court's order granting summary judgment on behalf of Defendants, the Secretary of the Air Force and the Air Force Board for the Correction of Military Records (the Board). On appeal, Bridges argues that the district court erred by entering summary judgment prior to discovery and by holding that the Board had not waived the 10 U.S.C. § 1552 time limitation. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Bridges alleges that in 1987 he requested that the Board correct his military personnel records to recognize promotions that were wrongfully denied him between 1945 and 1953. The Board denied his request on November 27, 1989 and denied his request for reconsideration on May 31, 1990. On October 30, 1990, Bridges filed suit against Defendants, alleged that the Board had waived any right to raise the three-year time limitation of 10 U.S.C. § 1552 by addressing the merits of the case, asked the district court to direct Defendants to correct his record, and requested attorneys' fees. The district court granted Defendants' motion for summary judgment, held that the Board's findings--that Bridges' application for correction of his military records was untimely--were not arbitrary and capricious, and held that the Board did not waive the three-year time limitation contained in 10 U.S.C. § 1552.
 
 
 4
 We first address the issue of this court's jurisdiction. Bridges claims that federal jurisdiction in this case is pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702, in which case this court has appellate jurisdiction under 28 U.S.C. § 1291, and not pursuant in whole or in part to 28 U.S.C. § 1346(a)(2), in which case exclusive appellate jurisdiction would vest in the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1295(a)(2). For jurisdiction in the district court to arise under 28 U.S.C. § 1346(a)(2)--known as the Little Tucker Act--a plaintiff must assert a claim seeking money not exceeding $10,000 from the United States, and that claim must be founded either upon a contract or upon the Constitution or a federal statute that grants a substantive right to compensation by the federal government. Van Drasek v. Lehman, 762 F.2d 1065 (D.C.Cir.1985). Bridges contends that jurisdiction under § 1346(a)(2) is not appropriate because a resolution of this case in his favor would not result in monetary damages, but only in a reversal of the Board's determination that his claim is time barred by 10 U.S.C. § 1552. The Board has only considered the § 1552 time limitation issue and would not consider the merits of his corrections request--which potentially could result in monetary damages--until after a decision in Bridges' favor. Because a decision in Bridges' favor in this case at most would entitle Bridges to have the merits of his corrections request considered by the Board, he has not asserted a claim based on a statute that provides a substantive right to compensation at this stage of the case. See Guercio v. Brody, 884 F.2d 1372 (Fed.Cir.1989) (jurisdiction under Little Tucker Act is appropriate only if plaintiff identifies a substantive statutory provision entitling her to money damages). Therefore, we hold that federal court jurisdiction arose in this case under 28 U.S.C. § 1331 and 5 U.S.C. § 702; consequently, this court has jurisdiction under 28 U.S.C. § 1291.
 
 
 5
 Bridges also contends that the district court erred by granting summary judgment in favor of Defendants before he had an adequate opportunity to complete discovery. Bridges included with his Response a Rule 56(f) affidavit which stated that he needed to discover the relevant regulations and policies--some of which were only contained in Washington, D.C. offices--in order to make his case that the Board had acted in an arbitrary and capricious manner. Despite Bridges' requests for additional discovery, the district court granted Defendants' motion for summary judgment. We review a district court's decision whether to grant additional time for discovery under an abuse of discretion standard. See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990); United States v. Little Al, 712 F.2d 133, 135 (5th Cir.1983).
 
 
 6
 The Board's decision to deny Bridges' application as untimely is based on 10 U.S.C. § 1552(b):
 
 
 7
 No correction may be made ... unless the claimant ... files a request for the correction within three years after he discovers the error or injustice. However, [the] board ... may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice.
 
 
 8
 Section 865.9(b) of title 32 of the Code of Federal Regulations provides the Board with additional guidance on when it may deny an application for correction as untimely:
 
 
 9
 The Board may deny an application if it determines that ... the applicant did not file his or her application within 3 years after he or she discovered or reasonably could have discovered the alleged error or injustice and insufficient evidence has been presented to warrant a finding that it would be in the interest of justice to excuse the failure to file within the prescribed 3 years.
 
 
 10
 (Emphasis added.) In its Findings and Conclusions, the Board stated that "the applicant has not shown a plausible reason for delay in filing." Likewise, in its order granting defendants' motion for summary judgment, the district court stated that "[t]here has not been even a scintilla of evidence presented to the Court to support the proposition that the actions of the Board were arbitrary or capricious." After carefully reviewing the Board's order, the district court continued, "The findings of the Board were neither arbitrary nor capricious. Bridges simply failed to act within the statutorily established statute of limitations."
 
 
 11
 On appeal, Bridges argues that he should have been allowed to further discover the rules, regulations, and policies applicable to the "in the interest of justice" test applied by the Board. However, we fail to see how discovery of such policies will aid Bridges when the record is devoid of any factual evidence supporting his assertion that it would be "in the interest of justice" to excuse his untimely filing. Bridges does not contend that further discovery would uncover such factual evidence. Therefore, we hold that the district court did not abuse its discretion in granting Defendants' summary judgment motion without allowing Bridges to perform further discovery.
 
 
 12
 Finally, Bridges argues that the Board waived the three-year time limit for filing applications because it addressed the merits of his claim. After reviewing the Findings, Conclusions, and Decision of the Board, we conclude that Bridges' argument is meritless because the Board addressed only the timeliness of his application.
 
 
 13
 Accordingly, we REVERSE the district court with respect to the jurisdictional basis of this case, take jurisdiction under 28 U.S.C. § 1291, and AFFIRM the district court in all other respects. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3