67 F.3d 319
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lieutenant Colonel Willie L. GODWIN, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5027.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1995.
Rehearing Denied Oct. 23, 1995.
 
 Before NEWMAN and PLAGER, Circuit Judges, and RONEY, Senior Circuit Judge.*
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Lt. Col. Godwin was a reserve officer in the Special Operations Command. He was denied retention, for reasons that he challenges. He appealed from a ruling of the Army Board for Correction of Military Records, wherein the Board held that his argument that the Army had not complied with the provision of 10 U.S.C. Sec. 167(e)(2)(J) which relates to monitoring by the SOC commander of retention of special operations forces officers, was not a ground of relief. The United States Claims Court[1] dismissed his complaint for failure to state a claim on which relief could be granted, relying on Banks v. Garrett, 901 F.2d 1084 (Fed.Cir.), cert. denied, 498 U.S. 821 (1990). The facts with respect to Lt. Col. Godwin have not been distinguished from those of Capt. Banks. Although appellant argues cogently that Banks was wrongly decided, this precedent remains in force. See also, e.g., Dehne v. United States, 970 F.2d 890 (Fed.Cir.1992) (relief in form of back pay for improperly transferred reservist not available under Tucker Act). Accordingly, the decision is affirmed.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 Godwin v. United States, No. 91-1568C (Cl.Ct. Sept. 16, 1992). (The Claims Court is now designated the Court of Federal Claims.)