_____

No. 95-3306/95-3687
_____

James Frederick Newport,                 *
                                         *
          Appellant,                     *
                                         *   Appeals from the United States
     v.                                  *   District Court for the
                                         *   Western District of Missouri.
Secretary Stone, Department of           *        [UNPUBLISHED]
the Army,                                *
                                         *
          Appellee.                      *

_____

          Submitted:  August 23, 1996

             Filed:  September 5, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     In this consolidated appeal, James F. Newport appeals the district
court's[1] orders disposing of his action against United States Army
Secretary Stone, and denying his motion filed under Rule 60 of the Federal
Rules of Civil Procedure.  We affirm.


     Newport, a former member of the Army Reserve, instituted this action
in an effort to compel the Army to investigate alleged incidents of
subversion and espionage directed against the Army (SAEDA).   Newport
asserted that the Army was obligated by its own regulation, AR 381-12, to
process his SAEDA complaint.  He also sought, as relevant on appeal, back-
pay for drill sessions he was ordered not to attend, and correction of his
military records to remove reported allegations of his unstable and
disruptive

_____

     [1]The Honorable Fernando J. Gaitan, Jr., United States
District Judge for the Western District of Missouri.

behavior. In four separate orders, the district court denied mandamus relief, affirmed the decision of the Army Board for Correction of Military Records (ABCMR) relating to Newport's request to expunge his military records and the Army's refusal to process his SAEDA report, granted judgment in favor of the Army on Newport's remaining claims, and denied postjudgment relief.

We agree with the district court that Newport did not state a cognizable claim that he was entitled to back-pay. See Banks v. Garrett, 901 F.2d 1084, 1086-87 (Fed. Cir.) (Naval reservist who performed no drills not entitled to pay; reservist not entitled to compensation unless he is ordered to perform and actually performs work), cert. denied, 498 U.S. 821 (1990); Wardle v. Northwest Investment Co., 830 F.2d 118, 122 (8th Cir. 1987) (finding Eighth Circuit appellate jurisdiction proper where claimant did not state cognizable claim and Little Tucker Act jurisdiction was thus not properly invoked).

As to the ABCMR's rulings, Newport has not shown the decision to deny his request to expunge certain documents from his record was arbitrary and capricious. See Neal v. Secretary of Navy and Commandant of Marine Corps, 639 F.2d 1029, 1037 (3rd Cir. 1981) (standard of review; strong presumption that personnel involved in decisionmaking process faithfully discharged duties); Horn v. Schlesinger, 514 F.2d 549, 551 (8th Cir. 1975) (acknowledging and adopting traditional judicial reluctance to interfere with military establishment unless grave constitutional rights appear imperiled). Assuming, without deciding, that Newport properly exhausted his administrative remedies concerning his objection to the Army's interpretation of its SAEDA-reporting regulation, Newport has shown no basis for requiring the Army to investigate that which he is required to report.

Last, we find no abuse of discretion in the denial of postjudgment relief. See Sanders v. Clemco Indus., 862 F.2d 161,

169 (8th Cir. 1988) (standard of review).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.