NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5076

COLLEEN MURPHY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Barbara A. Norris, of Anchorage, Alaska, argued for plaintiff-appellant.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director. Of counsel on the brief was Beverly Dart, Department of Health and Human Services, Office of General Counsel, General Law Division, of Washington, DC.

Appealed from: United States Court of Federal Claims

Judge Marian Blank Horn

# United States Court of Appeals for the Federal Circuit

2006-5076

COLLEEN MURPHY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  February 2, 2007

_____

Before LINN, PROST, and JORDAN[*], Circuit Judges.

LINN, Circuit Judge.

Colleen Murphy ("Murphy") appeals from a decision of the United States Court of Federal Claims granting the government's 12(b)(1) motion to dismiss her Back Pay Act claim for lack of subject matter jurisdiction on the ground that Murphy failed to rebut the presumption that her separation from the United States Public Health Service Commissioned Corps (the "Commissioned Corps") was voluntary.  Murphy v. United States, No. 05-567C (Fed. Cl. Feb. 22, 2006).  Murphy's complaint alleged that she had been constructively and involuntarily discharged from the Commissioned Corps.  Because the Court of Federal Claims correctly found that Murphy failed to rebut the

_____

[*]     Honorable Kent A. Jordan, Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

presumption that her separation from the Commissioned Corps was voluntary and because Murphy failed to raise any genuine issue of material fact with respect to at least one element of her claim, we affirm the judgment of the Court of Federal Claims, albeit on different grounds.

Metz v. United States, 466 F.3d 991 (Fed. Cir. 2006), which was issued after the Court of Federal Claims' decision, reveals that the Court of Federal Claims erred in dismissing Murphy's complaint for lack of jurisdiction. This court stated in Metz that

> the issue of the voluntariness of a plaintiff's separation, a necessary requirement for a separated-plaintiff's case to fit within the scope of 37 U.S.C. § 204, is properly addressed under a Rule 12(b)(6) motion to dismiss and therefore is no longer a jurisdictional requirement appropriately challenged under Rule 12(b)(1). Therefore, if a plaintiff cannot establish that he is currently on active duty, he must assert and ultimately establish that his separation was involuntary in order to fit within the scope of, and take advantage of, the money-mandating status of § 204, or else his claim falls for failure to state a claim upon which relief can be granted.

Metz, 466 F.3d at 998.

However, for the reasons below, we affirm the Court of Federal Claims on the alternative basis of summary judgment, given Murphy's failure to establish that her resignation was voluntary. See Moden v. United States, 404 F.3d 1335, 1342 (Fed. Cir. 2005) (treating the Court of Federal Claims' dismissal for lack of jurisdiction as a grant of summary judgment and affirming on that alternative ground because the appellants failed to raise a genuine issue of material fact with respect to at least one element of their claim); cf. Banks v. Garrett, 901 F.2d 1084, 1087 (Fed. Cir. 1990) (affirming the trial court's dismissal for lack of jurisdiction as a dismissal under Fed. R. Civ. P. 12(b)(6)). See generally Glaxo, Inc. v. Torpharm, Inc., 153 F.3d 1366, 1371 (Fed. Cir. 1998) (holding that "an appellate court may affirm a judgment of a district court on any

ground the law and the record will support so long as that ground would not expand the relief granted.").

First, the issue of voluntariness was fully briefed and argued before the Court of Federal Claims, and, on review of the record, drawing all reasonable inferences in Murphy's favor, we find no error with the Court of Federal Claims' conclusion that Murphy "failed to offer competent proof sufficient to rebut the presumption that her request for early separation from the [Commissioned Corps] was voluntary." Murphy, slip op. at 22-23. Second, on the record before it, the Court of Federal Claims also stated that Murphy "would not prevail either against a [12(b)(6)] motion to dismiss for failure to state a claim, or a [Rule 56] motion for summary judgment." Id., slip op. at 14. Third, in order to prevail with her claim, Murphy would have had to show, among other factors, that the circumstances permitted no other alternative than for her to resign. See Christie v. United States, 518 F.2d 584, 587-89 (Ct. Cl. 1975). Murphy has neither presented any genuine issue of material fact nor identified in the briefs or at oral argument any evidence that might be sought on additional discovery and relevant to the issue of whether she had at least one other alternative to resigning. Compare R. Ct. Fed. Cl. 12(b), with R. Ct. Fed. Cl. 56. Fourth, in this case, it is undisputed that Murphy chose to resign rather than to remain employed and exhaust the grievance process regarding the allegedly wrongful reassignment. See Christie, 518 F.2d at 587 (holding that plaintiff had a choice other than resignation where she could stay and exhaust the grievance process and stating that "[m]erely because plaintiff was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of her resignation"). Finally, Murphy's

argument that she was essentially forced to resign because she was ordered to relocate to a different area is not persuasive because, as a condition for her employment in the Commissioned Corps, she signed an oath that she would be "willing to serve in any area or position or wherever the exigencies of the Service may require." See 5 U.S.C. § 2101(3) (Commissioned Corps is part of the "uniformed services").

For the foregoing reasons, we treat the government's motion as resolved on summary judgment and affirm on that alternative ground.

COSTS

No costs.