# United States Court of Appeals for the Federal Circuit

---

**TERRYL J. SCHWALIER, Brig. Gen., USAF, Ret.,**
*Plaintiff-Appellant,*

v.

**CHARLES T. HAGEL, Secretary of Defense AND DEBORAH LEE JAMES, Secretary of the Air Force,**
*Defendant-Appellees.*

---

2014-1113

---

Appeal from the United States District Court for the District of Columbia in No. 1:11-CV-00126, Judge Rosemary M. Collyer.

---

Decided: January 8, 2015

---

EDWARD F. RODRIGUEZ, JR., Law Offices, of Fairfax, Virginia, argued for plaintiff-appellant. With him on the brief was DAVID P. SHELDON, Law Offices of David P. Sheldon, of Washington, DC.

DOUGLAS K. MICKLE, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendants-appellees. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM,

Assistant Director.  Of counsel on the brief was TODI S. CARNES, Air Force Legal Services Agency, General Litigation Division, Military Personnel Law Branch, of Joint Base Andrews, Maryland.

_____

Before PROST, *Chief Judge,* REYNA and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Following nomination by the President and confirmation by the Senate, Brigadier General Terryl J. Schwalier was scheduled to be appointed to major general in early 1997.  Before that time, however, his appointment was delayed and the President later chose not to appoint him.  Nonetheless, Mr. Schwalier argues that he was appointed by operation of law after the delay of his appointment expired and before the President's decision.  The appointment process for senior military officers does not allow for automatic appointments, and a President's decision not to appoint an officer is unreviewable.  Because the district court correctly held that the Air Force and the Department of Defense did not act arbitrarily or capriciously by not retroactively appointing Mr. Schwalier, we affirm.

I

In 1995, a Major General Promotion Selection Board placed Mr. Schwalier on a list of candidates to be promoted to major general.  Promotion to major general constitutes an appointment that must be made by the President, by and with the advice and consent of the Senate.  *See* U.S. Const. art. II, § 2, cl. 2; 10 U.S.C. § 624(c).  Pursuant to 10 U.S.C. § 624, President Clinton received the list and nominated Mr. Schwalier for the promotion.  The Senate confirmed the nomination in March 1996, and Mr. Schwalier's projected effective date of promotion was to be in January or February of 1997.

Before the effective date of his promotion, Mr. Schwalier assumed command of the 4404th Wing (Provisional) at the King Abdulaziz Airbase in Saudi Arabia. Many of the Wing's personnel lived in the Khobar Towers, a nearby apartment complex. On June 25, 1996, a terrorist group detonated a truck bomb at the Khobar Towers, killing 19 airmen and injuring hundreds of others. In December 1996 and in January 1997, Mr. Schwalier was told that his promotion would be delayed. Meanwhile, Congress, the Department of Defense, and the Air Force commissioned investigations of the attack. The Department of Defense's investigation was unfavorable to Mr. Schwalier, and the Secretary of Defense recommended that President Clinton remove Mr. Schwalier from the Selection Board's list. On July 31, 1997, President Clinton removed Mr. Schwalier's name from the list.

Mr. Schwalier retired in September 1997. In 2003, he filed an application to correct his military records with the Air Force Board for Correction of Military Records. According to Mr. Schwalier, the permissible length of promotion delay under 10 U.S.C. § 624(d)(4) ended before the President removed Mr. Schwalier from the list. He argued that he was therefore promoted by operation of law when the delay ended.

Initially, the Corrections Board agreed with Mr. Schwalier. It recommended that the Secretary of the Air Force "correct an error" under 10 U.S.C. § 1552(a)(1) in Mr. Schwalier's records to reflect that, among other things, he was promoted to major general. The Department of Defense, however, disagreed with the recommendation. Its General Counsel determined that, according to this court's decision in *Dysart v. United States*, 369 F.3d 1303 (Fed. Cir. 2004), promoting Mr. Schwalier retroactively would be without legal effect. Based on the determinations of the General Counsel for the Department of

Defense, the Corrections Board ultimately denied Mr. Schwalier's application.

In 2007, Mr. Schwalier requested that the Corrections Board reconsider his application. The Corrections Board found in favor of Mr. Schwalier. In November 2007, it determined that the decision to remove Mr. Schwalier from the list caused an "injustice" under 10 U.S.C. § 1552(a)(1), warranting the requested corrections. The Air Force then issued a letter in December 2007, stating that Mr. Schwalier was appointed to major general, effective January 1, 1997. Shortly after, the General Counsel for the Department of Defense again advised the Secretary of the Air Force that the implementation of the Corrections Board's recommendations would be without legal effect and that the Secretary of Defense agreed. Accordingly, the Secretary of the Air Force rescinded all corrections of Mr. Schwalier's records on April 3, 2008.

In 2011, Mr. Schwalier filed a complaint against the Secretary of Defense and the Secretary of the Air Force (collectively, the government) in the United States District Court for the District of Columbia. The complaint sought back pay and other relief under the Administrative Procedure Act (APA). The district court granted summary judgment to the government, finding that it did not act arbitrarily or capriciously by refusing to retroactively promote Mr. Schwalier.

Mr. Schwalier then appealed to the United States Court of Appeals for the District of Columbia Circuit. The D.C. Circuit determined that the district court had jurisdiction over Mr. Schwalier's case because it was based in part on the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and in part on the APA. Given this holding, the D.C. Circuit held that it lacked jurisdiction over Mr. Schwalier's case. Consequently, the D.C. Circuit transferred the appeal to this court.

II

As an initial matter, the government argues that Mr. Schwalier's complaint should have been dismissed as barred by the statute of limitations applicable to Little Tucker Act claims, depriving the trial court of jurisdiction. But Mr. Schwalier's complaint is also based on the APA. Actions for judicial review under the APA accrue at the time of final agency action and are subject to the six-year statute of limitations in 28 U.S.C. § 2401(a). *See Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1307 (Fed. Cir. 2008); *Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014). Mr. Schwalier filed his complaint in 2011, requesting review under the APA of the government's final action in 2008. Accordingly, Mr. Schwalier filed his complaint within the statute of limitations.

Moreover, we are satisfied that we have jurisdiction over Mr. Schwalier's appeal, as it is based "in whole or in part" on the Little Tucker Act. 28 U.S.C. § 1295(a)(2). And even "when a mixed case is presented and the nontax Little Tucker Act claim is dismissed, the other claims may be reviewed provided the Little Tucker Act claim was nonfrivolous." *Banks v. Garrett*, 901 F.2d 1084, 1088 (Fed. Cir. 1990). As the D.C. Circuit held, Mr. Schwalier's request for back pay in his complaint is "unambiguously monetary in nature" and based "in part" on the Little Tucker Act. *Schwalier v. Hagel*, 734 F.3d 1218, 1222 (D.C. Cir. 2013). Thus, we have jurisdiction over Mr. Schwalier's appeal.[1]

---

[1] To the extent Appellees suggest we must retransfer Mr. Schwalier's appeal, doing so at this point would create the "jurisdictional ping-pong" the Supreme Court has cautioned against. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). "Under law-of-the-

## III

Applying D.C. Circuit law here, we review a grant of summary judgment de novo. *Epos Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1341 (Fed. Cir. 2014). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . , to judicial review thereof." 5 U.S.C. § 702. The reviewing court must set aside a final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## A

The Secretary of the Air Force may correct a military record when it is "necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). The procedures for such corrections are established by the Secretary of the Air Force and must be approved by the Secretary of Defense. 10 U.S.C. § 1552(a)(3). The regulations provide that if a Corrections Board's recommendation would affect an appointment or promotion requiring confirmation by the Senate, as is the case here, the recommendation must be forwarded to the Secretary of the Air Force for final decision. 32 C.F.R. § 865.4(l)(3). After a final decision has been made, it is "final and conclusive on all officers of the United States." 10 U.S.C. § 1552(a)(4).

---

case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819.

Mr. Schwalier interprets 10 U.S.C. § 1552 as turning the Air Force's December 2007 retroactive appointment letter into a final decision that is binding on all officers of the United States, even though the President chose not to appoint Mr. Schwalier in 1997. He argues that the underlying Corrections Board's recommendation to retroactively appoint him was proper, as he was promoted by operation of law before the President acted to remove Mr. Schwalier from the promotion list.

Under the Constitution, three actions are ordinarily required for a person to be appointed to a senior military office: the President's nomination; confirmation by the Senate; and the President's appointment. *Dysart*, 369 F.3d at 1311 (citing *Marbury v. Madison*, 5 U.S. 137, 155–56 (1803)). For a promotion of a senior military officer to be effective, including a promotion to major general, all three acts must be completed. *Id.* at 1311–12. And 10 U.S.C. § 624, the statute under which Mr. Schwalier was to be appointed in 1997, incorporates this constitutional design. *See* 10 U.S.C. § 624(b)–(c); *Dysart*, 369 F.3d at 1313. Importantly, § 624 does not provide for an appointment by operation of law without a final act of appointment by the President. *Dysart*, 369 F.3d at 1313. Here, the President chose not to exercise his appointment power by removing Mr. Schwalier's name from the promotion list in 1997. Accordingly, the third and final act required for an appointment is missing altogether in this case.

According to Mr. Schwalier, the Air Force's December 2007 retroactive appointment letter overrides the President's decision in 1997 to remove Mr. Schwalier from the promotion list because the letter issued pursuant to § 1552. It is true that § 1552 states that a record correction decision is "final and conclusive." But in this case, the President chose not to appoint Mr. Schwalier in 1997—long before any record correction decision arose—and § 1552 does not apply here. In any event, interpret-

ing § 1552 as allowing for the reversal of the President's decision to withhold Mr. Schwalier's appointment cannot be the correct interpretation of the statute. *See Dysart*, 369 F.3d at 1316–17. Indeed, accepting Mr. Schwalier's interpretation of § 1552 would effectively allow Congress to compel the President to appoint senior officers of the United States. "Congress does not have the authority to require the President to exercise his appointment power; such authority would be akin to an exercise by Congress of the appointment power itself, which is prohibited." *Dysart*, 369 F.3d at 1317. Thus, we hold that § 1552 does not allow for appointment by operation of law when the President has chosen not to appoint a person to office.

## B

Mr. Schwalier also argues that the General Counsel for the Department of Defense acted arbitrarily and capriciously when it "coerced" the Secretary of the Air Force into rescinding the corrections of his records. Appellant's Br. 18–19. But the Air Force is a subcomponent of the Department of Defense. 10 U.S.C. § 111(a)(8). It acts "subject to the authority, direction, and control of the Secretary of Defense," 10 U.S.C. § 8013, who has prescribed that the General Counsel for the Department of Defense will resolve legal disagreements within itself, Department of Defense Directive 5145.01 §§ 3.01, 3.10 (May 2, 2001). Accordingly, the Secretary of Defense and the General Counsel for the Department of Defense did not violate the law when they stepped in to resolve the issue of whether the Air Force legally could correct Mr. Schwalier's records.

Additionally, the government's decision to rescind the corrections of Mr. Schwalier's records itself was not arbitrary or capricious. Mr. Schwalier was slated to be promoted to major general under 10 U.S.C. § 624. The recommendations to correct Mr. Schwalier's records were based on the theory that he was promoted by operation of

law before the President removed him from the list. But § 624 does not allow for such "automatic" appointments, and "Congress could not have permissibly altered the appointment process . . . by providing for automatic appointments." *Dysart*, 369 F.3d at 1313–14. Moreover, the President's decision not to appoint Mr. Schwalier "is simply unreviewable." *Id.* at 1316. In sum, as the General Counsel for the Department of Defense correctly determined, *Dysart* controls Mr. Schwalier's case, and the government did not act arbitrarily or capriciously by following the General Counsel's advice.

## IV

We have considered Mr. Schwalier's remaining arguments and find them unpersuasive. Because the government did not act arbitrarily or capriciously by declining to correct Mr. Schwalier's records, the judgment of the district court is affirmed.

## AFFIRMED

No costs.