This military pay case comes before us now, without oral argument, on defendant’s motion to dismiss the action for failure to state a claim within the jurisdiction of this court. The pro se plaintiff has not filed a response to defendant’s motion. For the reasons set forth below, we deny the Government’s motion to dismiss without prejudice to the defendant’s filing of a motion for summary judgment.
Plaintiff Albert Blum was voluntarily retired from service in the Army in 1976. At that time, he requested, but was denied, a determination of the percentage of his disability to perform military service for purposes of receiving disability (as opposed to longevity) retirement benefits. In 1978, Mr. Blum petitioned the Army Board for Correction of Military Records (Correction Board) for a medical board determination of disability. This request was denied, and plaintiff subsequently filed the present action. The petition seeks monetary relief in the form of return of federal and state income taxes paid because of the allegedly improper classification of plaintiffs retirement, and also seeks collateral, non-monetary relief including an order convening a medical board to determine plaintiffs percentage of disability as well as a directive to correct his military records to reflect such a disability rating.
Plaintiffs claim is that, because he was improperly retired on grounds of longevity rather than disability, he was denied valid tax exclusions which he would have been entitled to on that part of retirement benefits which were considered disability payments. See, 26 U.S.C. § 104(a)(4). "It is universally agreed that the primary advantage of receiving disability retirement pay over retirement pay based on years of service is the exemption of the former *557 from taxation.” Ray v. United States, 197 Ct. Cl 1, 5, 453 F. 2d 754, 756 (1972).[1] (This is no longer universally true because Congress has changed the law prospectively.)
Mr. Blum has not stated the basis upon which we have jurisdiction over his action. In particular, he has not alleged that a timely refund claim for taxes has been filed with the Internal Revenue Service, see 26 U.S.C. §§ 7422(a), 6511, and we assume that none has been filed. If the only claim which can or should be seen in this suit is for a refund of taxes, defendant is correct that we have no jurisdiction in view of the failure to file a timely refund claim. See United States v. King, 395 U.S. 1, 2 (1969).
However, this does not mean that we must reject plaintiffs suit out of hand. Where, as in this case, a plaintiff is pro se and not represented by counsel, we may expand our normal judicial role, and search the record for "a cause of action somewhere displayed.” Ruderer v. United States, 188 Ct. Cl. 456, 468, 412 F.2d 1285, 1292 (1969), cert. denied, 398 U.S. 914 (1970). Keeping in mind this special role in pro se actions, id., we see that a very liberal interpretation of the petition reveals a cause of action against the Government — a claim of which we do have jurisdiction. This claim is based, not on a tax refund theory, see supra, but rather on the reasoning set forth in Ray, supra, that what plaintiff is seeking is the full retirement pay owed to him, including money improperly withheld from wages and paid by his service to the IRS or the state revenue bureau,[2] and that the relief sought "is simply a matter of correcting the pay account between the serviceman and the United States.” 197 Ct. Cl. at 9, 453 F.2d at 758.
In Ray, the claimant also contended that he was entitled to retirement for disability rather than longevity, but he succeeded in obtaining a reclassification to that effect from the Air Force Correction Board. Under that determination, the plaintiff received back pay and other benefits. The Air Force, however, refused to refund income taxes improperly *558 withheld from his pay; instead, he was directed to seek such relief from the IRS. Refunds were obtained from the IRS for certain tax years, but were denied for those periods in which the refunds were barred by the tax statute of limitations, 26 U.S.C. § 6511. This court nevertheless allowed the plaintiff to recover, citing 10 U.S.C. § 1552, which gives the Secretary of a military department the authority to correct military records, and to pay any incident claims "for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits * * (emphasis added), 197 Ct. Cl. at 5, 453 F.2d at 756. Ray recognized that the "prospective shelter of income from taxation is * * * a pecuniary benefit to plaintiff flowing from the Board’s decision on the nature of his retirement,” id. at 5, 453 F.2d at 756, and that full correction of the error in classification required putting plaintiff in the same position he would have been in had no error been made. Id. at 7, 453 F.2d at 757. Further, we found "nothing specially sacred about the fact that the difference [between the retirement pay received and that which was properly owed] is due to tax withholdings.” Id. at 7-8, 453 F.2d at 757. In short, we described the suit not as one for refund of taxes from IRS, but, rather, as one "to effectuate in full the administrative remedy allowed under 10 U.S.C. § 1552.” Id. at 5, 453 F.2d at 755.
While plaintiff Blum has not raised this ground of recovery himself, we do so for him since he is acting pro se. The facts in Ray are parallel to those at bar, and the legal principles enunciated in Ray are equally applicable to Mr. Blum’s claim. Both plaintiffs were in the position of being allegedly deprived of the full retirement pay owing to them as a result of military error regarding their retirement status, and both claimants raised causes of action which could also be stated in terms of untimely tax refund claims. We do not agree with defendant that Ray can be distinguished solely on the ground that in Ray the Board had already ruled in the plaintiffs favor on disability retirement before that case was filed here. If we were ultimately to find in the present suit that the Board had acted wrongfully in denying plaintiffs request for a review of his retirement classification, and that plaintiff was actually *559 entitled to receive disability retirement, we would have the power, under Ray and 10 U.S.C. § 1552 supra,[3] to grant plaintiff the relief he seeks, regardless of the fact that the Correction Board had refused to take the initiative and correct its own error.[4] Nor do we think that United States v. King, 395 U.S. 1 (1969), is controlling here so as to mandate dismissal of this action on jurisdictional grounds. In King, as in this case, the plaintiff was retired on the basis of length of service rather than disability, and brought suit challenging the denial of disability retirement. He sought, as plaintiff seeks herein, the exemption from income taxation pursuant to 26 U.S.C. § 104(a)(4), which would result from a change in his retirement status. Unlike the present action, the claim as originally filed in King was found by this court to be "basically one for refund of taxes and was therefore barred by King’s failure to allege that he had filed a timely claim for refund as required by 26 U.S.C. § 7422(a).” 395 U.S. at 2. Also unlike the present suit, jurisdiction over the claim in King was predicated on the Declaratory Judgment Act — the ground upon which this court based its jurisdiction, but which the Supreme Court rejected. Id. at 5. No mention was made by the Supreme Court of the separate legal theory subsequently relied on in Ray.[5] Moreover, in King the plaintiff was represented by legal counsel competent to raise whatever legal principles he felt best supported Colonel King’s case. Here, on the other hand, Mr. Blum has not had the benefit of an attorney’s advice and we have therefore undertaken to advance a jurisdictionally valid claim on his behalf, based on a theory developed later than and apart from King. Thus, despite factual similarities between the two cases, King does not control this one.
Accordingly, we deny defendant’s motion to dismiss the petition for lack of jurisdiction. This denial is, of course, *560 without prejudice to the United States’ moving for summary judgment oh the merits, if it wishes to do so.
IT IS SO ORDERED.
June 2,1981

 Since plaintiff does not, in addition, request back pay relief, we assume that his disability retirement payments (discounting any tax consequences) would be no higher than payments he is receiving for year&of-service retirement.

 We assume, although it is nowhere specifically stated, that the federal and state’s taxes, of which plaintiff seeks a refund, were withheld by the Army from retirement payments made to him.

 10 U.S.C. § 1552 is a statute expressly mandating compensation, and we can enforce it if the plaintiff should have been retired for disability but the Correction Board illegally failed to so find.

 We do not now reach or consider the issue of whether we should uphold the Board’s denial of plaintiff’s application for a disability rating on the merits, since that point was not raised or briefed in the motion before us.

 Under the Ray theory (and Ray so held), a successful plaintiff would not be entitled to interest since he would not be suing for a tax refund.