*740 This military pay case comes before the court for the third time, in this instance on the parties’ cross-motions for summary judgment. In our first published order in this case, entered March 6, 1981, 227 Ct.Cl. 555, we denied defendant’s motion to dismiss plaintiffs action for failure to state a claim within the jurisdiction of this court, without prejudice to the United States moving for summary judgment on the merits. The Government, in response to our March 6th order, sought rehearing and rehearing en banc, which was denied in a second order entered June 2, 1981, 227 Ct.Cl. 560. The Government continues to assert that this court lacks jurisdiction to hear this case, and has filed a suggestion that its motion for summary judgment should be heard en banc. All of the active judges of the court have considered defendant’s request for en banc hearing on its motion for summary judgment. The Government’s suggestion for en banc consideration is unanimously denied. For the reasons stated herein, the Government’ motion for summary judgment is granted, and plaintiffs cross-motion for summary judgment is denied. Plaintiffs petition is dismissed.
Plaintiff is a former Army officer who attained the rank of sergeant first class on October 4, 1951, and served continuously in that position until his retirement on March 1, 1976. Plaintiffs performance was exemplary in what were essentially administrative positions. His career included several overseas assignments.
During his 30 years in the military plaintiff suffered various dermatological and orthopedic ailments. Plaintiff became eligible to elect retirement in 1966 upon completion of 20 years of active duty, but instead chose to remain on active duty. In February 1976 plaintiff underwent standard preretirement physical examinations, and shortly thereafter was retired for length of service, having completed 30 years of service. Since his retirement plaintiff has received 75 percent of his monthly basic pay.
In May 1978 plaintiff filed an application with the Army Board for the Correction of Military Records (abcmr) seeking a medical board determination of disability. Although a change in his retirement status from longevity to disability would not result in increased pay, disability *741 retirement pay (which a service member is entitled to receive on or before September 24, 1975) is exempt from taxation whereas longevity retirement pay is not. See 26 U.S.C. § 104(a)(4) (1976). After obtaining the opinion of the Army Surgeon General regarding plaintiffs medical condition while on active duty, the abcmr denied plaintiffs application for relief. In its decision of December 13, 1978 (Docket No. AC-78-03438), the abcmr concluded that plaintiffs medical condition "presented no interference with satisfactory performance of his duties,” that plaintiff met the standards of medical fitness at the time of his discharge, and that there was no basis for convening a medical board since plaintiffs records did not support a determination of unfitness.
Proceeding pro se, plaintiff filed suit in this court on September 2, 1980, seeking a court order directing a medical board to convene, a return of back taxes withheld by the Army, and a correction of his military records. As we stated, 227 Ct.Cl. at 556, the essence of plaintiffs claim is that "because he was improperly retired on grounds of longevity rather than disability, he was denied valid tax exclusions which he would have been entitled to on that part of retirement benefits which were considered disability payments.”
We decline at this juncture in our court’s history to engage in a lengthy analysis of the Government’s jurisdictional contentions. We recognize that there is precedent in the Court of Claims which might be viewed as conflicting with our previous order. See Harris v. United States, 223 Ct.Cl. 762; Woodward v. United States, 209 Ct. Cl. 769 (1976) (order). But see Ray v. United States, 197 Ct. Cl. 1, 453 F.2d 754 (1972). Despite this potential conflict, this panel is bound by the March 6, 1981 decision of the 3-judge panel (227 Ct.Cl. 555) holding that this court has jurisdiction to hear plaintiffs case. It is in the best interest of justice that we now turn to the merits of this case.
It is well-established that this court will not disturb the judgment of a military correction board unless that decision is arbitrary, capricious, unsupported by substantial evidence, or otherwise contrary to law. DeCicco v. United States, 230 Ct.Cl. 224, 677 F.2d 66 (1982); Doyle v. United *742 States, 220 Ct. Cl. 285, 599 F.2d 984 (1979), cert. denied, 446 U.S. 982 (1980). We are unable to conclude that the abcmr’s decision in this case violated those standards.
The statute which governs plaintiffs eligibility for disability retirement is 10 U.S.C. § 1201 (1976 & Supp. IV 1980). It provides that a member of the armed forces on active duty becomes eligible for disability retirement upon a determination by the Secretary that the service member is "unfit to perform the duties of his office * * * because of physical disability incurred while entitled to basic pay.” Thus, the key issue facing the abcmr was whether plaintiff was fit for duty at the time of his honorable discharge in 1976.
Plaintiff makes two arguments in support of his motion for summary judgment. First, plaintiff contends that a presumption-of-fitness standard was improperly applied to plaintiff because that policy was not in effect in 1966, the year in which plaintiff became eligible to take retirement. Plaintiff further argues that his medical profile indicates that he was entitled to a disability rating, and that the abcmr improperly relied upon the medical opinion of a physician on the staff of the Army Surgeon General in determining that plaintiff was fit for duty at the time of his retirement in 1976.
Regarding plaintiffs first argument, the fact that he may have been eligible for retirement in 1966 is irrelevant. To reiterate, the central issue in this case is whether plaintiff was physically fit for duty in 1976, the year of his retirement. Even assuming that a presumption-of-fitness policy did not exist in 1966, and assuming that such a policy was applied to plaintiff in 1976, the law nonetheless requires that a determination of unfitness be made before a service member becomes eligible to receive disability compensation. In this regard, it is significant that plaintiff voluntarily chose to remain on active duty from 1966 to 1976. The record indicates that plaintiff performed his tasks efficiently and competently during that period. As we stated recently in Dillon v. United States, 229 Ct.Cl. 631, 634 (1981), "[p]laintiff was a superior officer, and his ability to perform so well militates against a conclusion of unfitness” (citing Imhoff v. United States, 177 Ct. Cl. 1, 7 *743 (1966), cert. denied, 389 U.S. 844 (1967)). A similar reasoning applies to this case.
We also find that the abcmr determination that plaintiff met the standards of medical fitness for retention at the time of his discharge is supported by substantial evidence. Plaintiffs contention that the abcmr improperly relied on a physician’s opinion, rather than "facts,” lacks merit. The physician’s report concluded that at the time of his discharge plaintiff was "medically fit to have continued Army duty.” As we have recently held, such an opinion constitutes substantial evidence of plaintiffs fitness for duty. DeCicco v. United States, supra.
it is therefore ordered, after consideration of the submissions of the parties, and without hearing oral argument, that defendant’s motion for summary judgment is granted, and plaintiffs cross-motion for summary judgment is denied. Plaintiffs petition is dismissed.