James T. McCANN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–86C.

United States Claims Court.

April 29, 1987.

H. William Goebert, Jr., Honolulu, Hawaii, for plaintiff.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Lt. Mark Williams and LCDR Jan Serafini, Dept. of Navy, of counsel.

## OPINION

MOODY R. TIDWELL, III, Judge:

This is an action initially brought by Lieutenant Commander James T. McCann for military pay and allowances following his retirement in 1981. Plaintiff also seeks injunctive relief in the form of mandamus. The case was transferred to this court by the United States District Court for the District of Hawaii. Defendant filed a motion to dismiss, or in the alternative, for summary judgment. Plaintiff opposed both motions and moved to amend its complaint and to retransfer the case to the United States District Court for the District of Hawaii.

### FACTS

LCDR McCann (ret.) was commissioned as an Ensign in the United States Naval Reserve on October 14, 1960. His career advanced through promotions to Lieuten-

ant, Junior Grade, Lieutenant, and appointment to the Regular Navy. He was commissioned a Lieutenant Commander on July 1, 1969. LCDR McCann was first considered for appointment to Commander by the 1976 fiscal year promotion board, but was non-selected. According to defendant, LCDR McCann was considered for promotion by the 1977 through 1982 fiscal year promotion boards but each year was non-selected. On June 30, 1981, having completed 20 years active service and having been non-selected for promotion at least twice, he was retired pursuant to 10 U.S.C. § 6380(a) (1976).[1]

The record indicates that LCDR McCann began suffering from severe abdominal pain which required surgery in 1973. From 1979 through 1981 he was on the sick list on 15 separate occasions with abdominal pains. None of the occasions lasted much longer than a week, and several lasted two days or less. As a result of his illness, and unbeknownst to him, plaintiff was evaluated on June 30, 1980 by a medical board, which recommended that he be found not fit for duty. Very shortly after learning of the existence and recommendation of the 1980 medical board, plaintiff asked that the recommendation be amended on the grounds that it was based upon inaccurate and misleading facts. In addition, plaintiff contended that defendant had failed to follow its own regulations vis-a-vis the establishment and proceedings of the board, and the counselling to which plaintiff was entitled. Defendant reports that no action was taken on the recommendation of the June 30, 1980 board "in order to allow further evaluation of LCDR McCann's condition." Plaintiff appealed the June 30, 1980 Medical Board's recommendation but the Surgeon General of the

Navy declined to amend the recommendation as did the Judge Advocate General of the Navy on behalf of the Secretary of the Navy. However, the record shows that the June 1980 medical board's recommendation was never placed into plaintiff's service record. For some unexplained reason, it appears that a second medical board was convened in mid-March, 1981. That board recommended that plaintiff be found unfit for duty and that the case be referred to the Central Physical Evaluation Board (CPEB). On June 11, 1981, the CPEB recommended that plaintiff be found not fit for active duty because of a permanent physical disability.

The record shows that out of respect for plaintiff's repeated requests to be retired for length of service, and not for disability, he was retired for length of service.[2] Defendant stated that after plaintiff's retirement, the findings and recommendation of the March 6, 1981 medical board were physically placed within his service record.

On July 6, 1981, plaintiff filed an application with the Board for the Correction of Naval Records (BCNR), requesting a finding that he was fit for duty and promotion. The BCNR referred his application to the Naval Disability Evaluation System for an advisory opinion. The latter board unanimously recommended that plaintiff be found "unfit for duty." Based upon that recommendation and the BCNR's lack of authority to change records to promote officers, the board denied relief.

## JURISDICTION

Defendant argues that this court has no jurisdiction to retroactively promote plaintiff to the rank of Commander because the authority of this court is limited to those instances where the Constitution, laws and

---

1. The statutory scheme effective at the time of Mr. McCann's discharge states:
    (a) Each officer on the active list of the Navy or the Marine Corps serving in the grade of lieutenant commander or major shall, subject to section 5777 of this title, be retired on June 30 of the fiscal year in which—
    (1) he is not on a promotion list;
    (2) he is considered as having twice failed of selection for promotion to the grade of commander or lieutenant colonel; and

    (3) he has completed at least 20 years of total commissioned service as computed under section 6387 or 6388 of this title.
10 U.S.C. § 6380(a) (1976).

2. According to LCDR McCann, he was "negotiating for employment which would have been precluded by [a] disability retirement."

regulations of executive agencies mandate compensation for damages sustained and proved. *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). The United States Court of Appeals for the Federal Circuit in *Selman v. United States*, 723 F.2d 877 (Fed.Cir.1983), held that "a refusal to promote on any grounds or none, and in the absence of a clear-cut entitlement to the promotion, could not, standing alone, be the basis of a suit in the Claims Court." *Id.* at 881. This court does not have general equity powers such as would let it issue an order of mandamus under 28 U.S.C. § 1361, nor does it have declaratory judgment authority. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Claims Court only obtains jurisdiction to direct restoration to office, placement in an appropriate duty or retirement status, and correction of records incident to a money judgment. *Smith v. United States*, 228 Ct.Cl. 168, 172–73, 654 F.2d 50, 52–53 (1981).

Plaintiff moved for leave to amend its Complaint in recognition that defendant just might be correct in its jurisdictional arguments. As amended, the Complaint would have the court (1) correct plaintiff's medical records, (2) find the actions of the June 1980 medical board improper, (3) return plaintiff to active duty with credits for years of service from his July 1, 1981 retirement date, (4) convene another Central Physical Evaluation Board to properly review plaintiff's corrected medical records and (5) convene a special selection (promotion) board. Plaintiff would withdraw its request for an order directing that plaintiff be promoted to Commander. However, plaintiff continues, "[S]ince plaintiff still maintains that this action is one for injunctive relief and/or mandamus, plaintiff wishes to amend the Complaint by withdrawing any claims for monetary relief. In this way, any confusion regarding the claim for relief may be alleviated."

Plaintiff has been most candid with the court. Plaintiff acknowledges that:

The amended Complaint would not ask for any monetary relief. Therefore no monetary judgment can be granted. Since no monetary judgment can be granted, this Court would lack jurisdiction and should therefore retransfer this case to the [United States] District Court [for the District of Hawaii].

Given plaintiff's statement above, the sole request before the United States District Court in Hawaii would be for injunctive relief and related findings to compel defendant to convene a medical board and a special selection board to reconsider plaintiff's records and retirement according to proper prescribed procedures.

Plaintiff was correct when it stated that leave to amend a Complaint shall be freely given when justice so requires. RUSCC 15(a). This rule is to be liberally construed. *Hess v. United States*, 210 Ct.Cl. 483, 491, 537 F.2d 457, 461 (1976). That being the case, and upon plaintiff's assertion through counsel, an officer of this court, that no monetary award would be requested, even if plaintiff should ultimately prevail before the United States District Court for the District of Hawaii, the court is of the opinion that justice will be best served if plaintiff's motion to amend its Complaint is allowed.

Defendant urges the court not to countenance plaintiff's belated and blatant attempt to forum shop. Further, if the court allows the Complaint to be amended so as to delete demands for a money judgment, plaintiff has not deleted that part of his Complaint that could ultimately grant him the right to seek an order returning plaintiff to active duty and crediting him for years of service from his July 1, 1981 date of separation until reinstatement to active duty, which is, in effect, another way of seeking a monetary award. The court is of the opinion that defendant misperceives plaintiff's intent. Plaintiff's amended prayer for relief is inartfully stated in that it could reasonably be read to include back pay from the time of plaintiff's retirement until reinstatement, but the court should not look exclusively to the captions of plaintiff's claims. Plaintiff's brief in support of its motion to amend its Complaint and to retransfer the case clearly indicates to this court that it has, in its proposed

amended complaint, withdrawn any and all claims for monetary relief, including back pay. Plaintiff requests the following: an "order compelling the Defendant to convene a medical board and a special selection board; to reconsider Plaintiff's records according to prescribed procedure; [and] to accord Plaintiff adequate due process." Plaintiff, for all practical purposes seeks only an order directing defendant to convene a medical board and a special selection (promotion) board to reconsider plaintiff's case. This court will allow the plaintiff to amend its complaint on the understanding that all plaintiff seeks from any court is an order for defendant to convene two boards to address ancillary issues of the propriety of the previous board actions and, if those actions are found to be improper, to reinstate plaintiff retroactively from July 1, 1981. Should the boards decide in plaintiff's favor, it would be incumbent upon the boards to order reinstatement, promotion and even back pay. This court has no authority to issue the order sought by plaintiff, but the United States District Court for the District of Hawaii may.

"Whether a case should be transferred to a district court lies within the sound discretion of the court." *Busby School v. United States*, 8 Cl.Ct. 588, 595 (1985) (citing *Little River Lumber Co. v. United States*, 7 Cl.Ct. 492, 494 (1985); *Patterson v. United States*, 230 Ct.Cl. 932, 934 (1982)). The basic test, set forth in 28 U.S.C. § 1631 (1982)[3] for determining if a case should be transferred is whether it would be in "the interest of justice" to do so. *Id.* (quoting *Goewey v. United States*, 222 Ct.Cl. 104, 108, 612 F.2d 539, 541 (1979)). This court finds that it is in the clear interest of justice to allow plaintiff to amend its complaint and to retransfer the case to the United States District Court for the District of Hawaii. Plaintiff is not engaged in

forum shopping in the traditional sense of the term. Plaintiff is not praying for the same relief before two courts having the same jurisdiction. By deleting all requests for monetary damages from its pleadings, now and prospectively, plaintiff has effectively precluded this court from any authority to hear and decide the suit. By amending its complaint as it did, plaintiff has removed his suit from the jurisdiction of this court and simultaneously cured the jurisdictional problems it had with the United States District Court for the District of Hawaii. Plaintiff was clear in its brief when it said, "Without the amendments, there is a possibility that this Court may dismiss the Complaint based on claims for money and promotion which are secondary to the claim for proper due process." Plaintiff's claim that the defendant deprived him of administrative due process and, as a result, wrongfully discharged him should not be dismissed because parts of his claim for relief may be improper. It would be a manifest injustice for this court to dismiss the action when the United States District Court for the District of Hawaii gained jurisdiction over the matter by the same action. *See* 28 U.S.C. § 1631 (1982). As our predecessor court said in *Clark v. United States*, 229 Ct.Cl. 570 (1981):

It is unfair to the litigant and leads to an unnecessary waste of money and judicial resources for the government to urge another court [here the United States District Court for the District of Hawaii] to dismiss a case on the ground that we have adequate jurisdiction to decide the issues and then, after the other court has transferred the case here, to seek dismissal on the ground of our lack of jurisdiction.

*Id.* at 576.

The court is convinced that, as amended, plaintiff's case should be retransferred

---

3. The statute addressing a transfer to cure want of jurisdiction provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action

or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (1982).

back to the United States District Court for the District of Hawaii.

## CONCLUSION

Plaintiff's motions to amend its pleadings to remove all prayers for monetary recovery and to retransfer the case to the district court is granted. Defendant's motion to dismiss, or in the alternative, for summary judgment is denied. The Clerk is directed to enter judgment transferring the case to the United States District Court for the District of Hawaii. No costs.