**Richard C. HUBER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–776C.**

United States Court of Federal Claims.

Aug. 30, 1993.

Reissued Sept. 14, 1993.*

---

\* This order was originally issued without publication. Defendant moved for reissuance as a published order. For good cause shown, the motion is granted.

John A. Wickham, Centreville, VA, for plaintiff.

Jeffrey J. Bernstein, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, and James M. Kinsella, Washington, DC, for defendant. Major Will A. Gunn, Dept. of the Air Force, of counsel.

## ORDER

BRUGGINK, Judge.

This action is pending on the defendant's motion to dismiss for lack of jurisdiction or alternatively for failure to state a claim, and on the plaintiff's motion for summary judgment. During oral argument, and with the plaintiff's consent, the court converted defendant's Rule 12(b)(4) motion to one pursuant to Rule 56. After consideration of the motion materials, the applicable law, and in light of the oral argument, the court concludes that the complaint is due to be dismissed.

Plaintiff, a former Chief Master Sergeant in the United States Air Force Reserve, seeks an order reinstating him to active, paying reserve status and awarding him back pay. He argues that the Air Force wrongfully transferred him to inactive, non-pay status. But for that allegedly wrongful transfer, he would have performed duties for which he would have been paid. Therefore, he contends, the court should reinstate him and award him pay for that thwarted performance.

Defendant argues that even if plaintiff were returned constructively to active reserve status, there is no statute that entitles him to the payment of back pay, because Congress has mandated that reservists only be paid for *actual* performance of duties. It contends that the result here is controlled by *Dehne v. United States,* 970 F.2d 890, 894 (Fed.Cir.1992), and *Banks v. Garrett,* 901 F.2d 1084, 1087 (Fed.Cir.), *cert. denied,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990). The defendant is correct.

## FACTUAL BACKGROUND [1]

In 1982 the plaintiff agreed to swap duty positions temporarily at the request of his command. He transferred from a Senior Master Sergeant position to a Chief Master Sergeant position. This switch allowed a fellow reservist to advance in rank. The move to the Chief Master Sergeant position put plaintiff in an "overgrade" position, where his grade was higher than that authorized for the position, *see* AFR 35–41.

---

1. The parties agreed at oral argument that the court could rely on the administrative record. In addition, the court has assumed that plaintiff could prove the allegations in the complaint and plaintiff's proposed findings of fact, as well as plaintiff's counsel's representations during oral argument. Because the court concludes that the factual allegations, even if true, would not preclude dismissal, there is no prejudice to the government. The only document considered by the court that is outside the administrative record is the Telefax communication of December 1988 at Plaintiff's Appendix, p. 4, which arguably could be considered as legal material. At oral argument, counsel indicated that plaintiff was content to rest on those materials.

To remain in an overgrade assignment, the reservist must obtain a waiver from his command. Plaintiff was given a successive series of waivers, until 1988, when his commander declined to renew his last waiver, because of a new squadron policy against renewing overgrade waivers.

Upon expiration of his waiver, on May 16, 1989, the Air Force transferred plaintiff from his active reserve assignment to the Nonobligated Nonparticipating Ready Section. Effective September 14, 1990, he was transferred to the Inactive Status List Reserve Section. In these inactive reserve positions, he could not attend drills or training, and thus accrued no active reserve pay. Plaintiff's counsel conceded at argument that since May 16, 1989 his client has not participated in any training or other exercises.

Following his transfer, the plaintiff filed an application for relief with the Air Force Board for the Correction of Military records, requesting reinstatement in the grade of Chief Master Sergeant, and the back pay, allowances, and promotion credit that he would have earned, but for the transfer to inactive status. The board denied his application on February 2, 1992.

Plaintiff filed this action on November 9, 1992. He claims that the board's decision was arbitrary and capricious, and incorrect as a matter of law. Specifically, he contends that his commander kept him in an overgrade position despite promises to the contrary, that his commander did not inform him of options that would have permitted him to accept a demotion and thereby save his career in the active reserve, and that he was treated differently than others similarly situated. The defendant responds that, even if the Air Force treated Mr. Huber poorly, which is not conceded, this court is without power to award back pay under the circumstances.

## DISCUSSION

Although not specifically cited in the complaint, counsel clarified at argument that the statutory basis for the claim is 37 U.S.C. § 204(a) (1988). This provision man-

dates payment of money to an individual if he is one of the following:

(1) a member of a uniformed service who is on active duty; [or]

(2) a member of a uniformed service, or a member of the National Guard who is not a Reserve of the Army or the Air Force, who is participating in full-time training, training duty with pay, or other fulltime duty, provided by law, including participation in exercises or the performance of duty under section 3021, 3496, 3541, 8021, 8496, or 8541 of title, or section 503, 504, 505, or 506 of title 32.

The Federal Circuit has limited compensation under subsection 204(a) to two circumstances. See Banks, 901 F.2d 1084. The United States will pay money to an individual if he is on " '[f]ull-time duty in a U.S. Military Service,' " id. at 1087 (quoting 32 C.F.R. § 102.3 (1993)), or if he is a reservist who actually participates in full-time training or performs other full-time duties, id. The court in Banks also addressed 37 U.S.C. § 206, which expressly deals with reservists. Under that provision, a reservist who can not receive pay under section 204 (a reservist who is not on active duty) can receive it under the following circumstances:

(a) Under regulations prescribed by the Secretary ... [a reservist] who is not entitled to basic pay under section 204 of this title, is entitled to compensation ...

(1) for each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours, including that performed on a Sunday or Holiday;

(2) for the performance of such other equivalent training, instruction, duty, or appropriate duties, as the Secretary may prescribe; or

(3) for a regular period of instruction that the member is scheduled to perform but is unable to perform because of physical disability resulting from an injury, illness, or disease.

37 U.S.C. § 206(a) (1988).

The Federal Circuit has held that payment to an inactive reservist under subsec-

tion 206(a) is limited to compensation for duties actually performed, *Banks*, 901 F.2d at 1087; *see also Heim v. United States*, 22 Cl.Ct. 341, 343–44 *aff'd* 949 F.2d 403 (Fed.Cir.1991), or for duties that would have been performed but for disability, illness, or disease, *Dehne*, 970 F.2d at 893. The statute does not provide for payment, however, merely because of status as an inactive reservist. *Id.* at 894; *see also Ayala v. United States*, 16 Cl.Ct. 1 (1988).

In sum, the Federal Circuit has construed the only potentially relevant statutory provisions to mandate the payment of money in only four circumstances. Plaintiff could recover if he (1) was on active duty, 37 U.S.C. § 204(a)(1) (1988); (2) was a reservist who actually performed full-time duties, *id.* § 204(a)(2); (3) was a reservist on inactive status who actually performed duties, 37 U.S.C. § 206(a)(1)–(2); or (4) was a reservist on inactive status who would have performed duties but for disability, disease, or illness, 37 U.S.C. 206(a)(3).

It is undisputed that plaintiff does not fall into any of these categories. Plaintiff was a part-time reservist before his transfer and performed no actual duties afterwards. Nor has he asserted that he would have performed duties but for illness, disability, or disease. Instead, he claims that success on the merits of his claim would entitle him to have his status corrected to reflect "constructive" active duty, and that he would thus fall under section 204(a). He urges that the court should order the United States to pay him for duties that he never actually performed, because he would have performed them, but for a wrongful transfer to inactive status.

Plaintiff distinguishes *Dehne* and *Banks* on the theory that the conversions to constructive active reserve status that were sought or actually awarded in those cases did not result from correction of legal error. He argues that constructive back pay was denied in those cases because the court found that the plaintiff voluntarily transferred to inactive status, or that the military lawfully performed an involuntary transfer. His case differs because his in-voluntary transfer was wrongful. This argument misreads the caselaw.

In *Dehne*, the Federal Circuit reversed the judgment of the Claims Court awarding the plaintiff pay for his constructive service in the reserves, which was not in dispute. The Air Force Board for the Correction of Military Records had corrected the plaintiff's records to show five years of constructive service in the Air Force Ready Reserve, but had denied payment for that constructive service. *Dehne*, 970 F.2d at 891. *Id.* The plaintiff filed a complaint in the Claims Court claiming that section 206(a) required the United States to pay him for duties constructively performed as a reservist. *Id.* The Claims Court agreed. *See Dehne v. United States*, 23 Cl.Ct. 606 (1991). The Federal Circuit reversed, despite Dehne's constructive service, because section 206(a) does not mandate payment for "service never actually performed." *Dehne*, 970 F.2d at 893–94. Thus, the Federal Circuit already has addressed the issue of payment to a plaintiff who actually already possessed that which Mr. Huber merely wishes to obtain, namely, corrected records showing constructive service in the reserves. The Federal Circuit found that such a plaintiff had no right to pay under 37 U.S.C. 206. *Id.*

The dismissal in *Banks v. Garrett* was similarly not contingent on why constructive service was sought. Banks contended that the military wrongfully transferred him to a non-paying reserve position. *Banks*, 901 F.2d at 1085. The Federal Circuit affirmed the lower court dismissal for failure to state a claim. *Id.* at 1087. The court focused on the fact that neither section 204 nor 206 grant money to a reservist unless he actually has performed duties. *Id.* Because Banks had not performed any drills or training, neither section empowered the court to order the United States to pay Banks. *Id.* Mr. Huber's argument distinguishing *Banks* on the basis that the military rightfully transferred Banks, whereas it wrongfully transferred him, ignores the fact that the Federal Circuit did not address the lawfulness of Banks' transfer in finding that he had not

stated a claim under sections 204 and 206. *See id.* The Federal Circuit's analysis focused solely upon Banks' status as an inactive reservist who had not actually performed any duties during the time relevant to his claim. The court cannot distinguish this case from *Banks.*[2]

Accordingly, it is immaterial that plaintiff here contends that there was an enforceable policy requiring notification of options other than reassignment to inactive reserve,[3] or that he contends he was promised job protection, or treated differently than others. Even if he were successful in having the transfer set aside as unauthorized, there would be no statutory basis for awarding him back pay for work not actually performed. *See Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 1235, 6 L.Ed.2d 365 (1961). The Clerk is directed to dismiss the complaint.[4]

**2.** The same result obtained in *Heim,* 22 Cl.Ct. 341, and *Ayala,* 16 Cl.Ct. 1, even though each of those cases, as the present one, involved allegations of involuntary transfer.

**3.** It is far from clear that the telefax of December 2, 1988 would rise to the level of a "mandatory published procedure of a substantive nature." *Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979). The applicable regulation, AFR 35–41 (November 30, 1988), does not contain the directives that later appear in AFR 35–41 ¶ 2–13(2) (April 30, 1990).

**4.** Accordingly, defendant's motion to defer consideration of plaintiff's motion for summary judgment is denied as moot.