John L. ALONGE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 93–450C.

United States Court of Federal Claims.

March 8, 1994.

Michael E. Dunlavey, Erie, PA, for plaintiff.

Sean P. Murphy, Washington, DC, with whom was Asst. Director Thomas W. Petersen and Asst. Atty. Gen. Frank W. Hunger, for defendant. Major Patricia Kerns, Military Personnel Branch, Dept. of the Air Force, of counsel.

## ORDER

NETTESHEIM, Judge.

This case, before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(4), involves a claim for back pay and constructive service credit allegedly due plaintiff for time spent in graduate studies. Argument is deemed unnecessary.

### FACTS

John L. Alonge ("plaintiff") is an active duty officer in the United States Air Force (the "Air Force"). Plaintiff began study for a master's degree in Anatomy at the University of Maryland in the fall semester of 1978. He was a full-time student from that time through the summer of 1979. During fall 1979 plaintiff matriculated in the University of Maryland Dental School. At that time plaintiff had completed the "didactic requirements" for his M.S. degree in Anatomy. From the fall semester of 1980 through the fall semester of 1982, plaintiff completed the remaining requirements for the program, receiving his M.S. degree on January 31, 1983. Plaintiff alleges that he completed the last six credits for his M.S. degree during vaca-

·tion periods and did not earn the degree concurrent with his Doctor of Dental Surgery degree.

During the course of his studies, plaintiff decided to enter the Air Force Dental Corps upon graduation from dental school. Plaintiff contends that he entered the Air Force because of representations made by Air Force recruiters that he would be granted constructive service credit for the time that he spent completing his professional degree. Plaintiff received a letter of appointment from the Air Force on November 30, 1982, indicating that his appointment was accepted as of December 10, 1982. The letter noted that plaintiff began accruing service credit for purposes of promotion on December 10, 1978,[1] and began accruing credit for purposes of pay on December 10, 1981.[2]

In October 1983 plaintiff received an Air Force form AF 1613 dated August 9, 1983, indicating that plaintiff began accruing service credit on May 21, 1979. In June 1984 plaintiff received a corrected AF 1613 showing a TYSD of May 21, 1978. This change was made to include one year of credit for a Masters degree completed prior to completion of dental school.

On June 5, 1986, plaintiff applied to the Air Force Board for the Correction of Military Records (the "AFBCMR") to adjust his PSD to reflect his four years of dental school and to grant an additional year to his TYSD for his Masters degree in Anatomy. Plaintiff asserted that, although he completed the requirements of his M.S. degree in one year, he should receive two years of credit because the M.S. degree was a two-year program. The AFBCMR denied plaintiff relief by letter dated July 23, 1987. On July 21, 1993, plaintiff filed suit in the Court of Federal Claims seeking $48,000.00 in monetary benefits that plaintiff asserts he would have re-

ceived had these years of constructive service credits been granted upon his commissioning.

## DISCUSSION

■ In evaluating a motion to dismiss for failure to state a claim under RCFC 12(b)(4), the facts alleged in the complaint are construed in the light most favorable to the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). If no set of facts exists that would entitle plaintiff to relief, the claim should be dismissed. *Mostowy v. United States,* 966 F.2d 668, 672 (Fed.Cir.1992).

In order to state a claim under the Tucker Act, a plaintiff must "find a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base his claim that 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Dehne v. United States,* 970 F.2d 890, 893 (Fed.Cir.1992) (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983)).

Defendant contends that plaintiff has failed to point to a money mandating statute in his claim and therefore does not satisfy the jurisdictional requirement of the Tucker Act, 28 U.S.C.A. § 1491 (West Supp.1993).

Plaintiff responds that 10 U.S.C. § 533 (1988)[3]—providing for constructive service credit for time spent earning a professional degree—when viewed in conjunction with 37 U.S.C. § 204 (1988)—providing for payment of active members of the armed forces at their basic pay rate—mandate compensation to plaintiff with respect to his first claim. Plaintiff asserts that his second claim, for correction of his military records, is based on this court's jurisdiction to review denial of constructive service credit by military review boards.

---

1. Also known as the total years of service date ("TYSD").

2. Also referred to as pay service date ("PSD").

3. 10 U.S.C.A. § 533(b)(1) (West Supp.1993), provides that "under regulations prescribed by the Secretary of Defense, the Secretary of the military department concerned shall credit a person

who is receiving an original appointment in a commissioned grade (other than a commissioned warrant officer grade) in the Regular Army, Regular Navy, Regular Air Force, or Regular Marine Corps and who has advanced education or training or special experience with constructive service...." Credit is allowed for studies beyond a baccalaureate degree level (§ 533(b)(1)(A)).

Defendant replies that 10 U.S.C. § 533 is inapplicable to plaintiff and is not a money-mandating statute. The statute merely allows constructive service credit to be used in determining an officer's initial grade, rank, and service in grade.[4] While 37 U.S.C. § 204 does mandate payment, plaintiff has failed to establish that he is entitled to any additional payment under that statute. Since plaintiff has failed to establish jurisdiction under the Tucker Act, this court cannot review plaintiff's claim for correction of his military records.

Plaintiff's claim that 10 U.S.C. § 533 creates a right to payment when viewed in conjunction with 37 U.S.C. § 204, is incorrect. 10 U.S.C. § 533(b)(1) applies only to officers commissioned in the regular armed forces and not the reserves. Plaintiff was commissioned as a reserve officer. Even if plaintiff had cited to the statute covering the award of constructive service credit to individuals commissioned as reserve officers, 10 U.S.C. § 8353(b), the result would be the same. The provisions allowing the award of such credit in section 8353(b) are substantively the same as section 533(b). 10 U.S.C. § 8353(b)(1) mandates only that constructive service be granted "[u]nder regulations prescribed by the Secretary of Defense." Under the regulations promulgated by the Air Force pursuant to this statute, the award of constructive service credit is discretionary.[5] As the United States Court of Claims noted in *Adair v. United States,* 227 Ct.Cl. 345, 350, 648 F.2d 1318, 1322 (1981), "a statute providing for solely discretionary payment of money does not give rise to a 'right to recover money damages from the United States.'" (Quoting *United States v. Testan,* 424 U.S. 392, 401, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976).)

Constructive service credit is used for determining an officer's initial grade and rank for promotion purposes; it does not mandate the payment of money.[6] 10 U.S.C. § 8359 provides that persons credited "with at least three, but less than seven, years of service," shall be commissioned as First Lieutenants. 10 U.S.C.A. § 8359(a)(2). Plaintiff was commissioned accordingly. Had he received the additional years of credit he originally claimed, he would still have been commissioned at the same grade. Plaintiff does not allege any irregularity in his promotions other than this original failure to grant him constructive service credit. This statute cannot fairly be construed to mandate payment in plaintiff's case.

37 U.S.C. § 204 entitles members of the active and reserve components of the armed forces to their basic pay. Plaintiff, however, has not alleged that he has received no payment from the Air Force; rather, he alleges that he was not paid at the rate to which he was entitled. As defendant correctly points out, plaintiff has been paid all amounts due to him at the grades to which he has been commissioned and promoted. Although plaintiff asserts that he is entitled to payment because the failure to award constructive service credit prevented him from receiving a promotion, plaintiff's failure to establish that he was entitled to a promotion as a matter of law deprives this court of authority to review this claim. *Voge v. United States,* 844 F.2d 776, 782 (Fed.Cir.), *cert. denied* 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988).

---

4. 10 U.S.C. § 533(c) states:
   Constructive service credited an officer under subsection (b) shall be used only for determining the officer's—
   (1) initial grade as a regular officer;
   (2) rank in grade; and
   (3) service in grade for promotion eligibility.

5. The directive states in pertinent part: "Persons who, on September 14, 1981, are participating in a program leading to an appointment, designation, or assignment as a Medical or Dental Offi-

cer *may* be granted entry grade credit under laws and regulations in effect on that date...." DoD Directive ¶ 1320.7(c) (July 27, 1981) (emphasis added).

6. The statute governing the use of constructive service credit for regular Air Force officers states that credit is to be used "only for determining the officer's initial grade ... rank ... and service in grade for promotion eligibility." 10 U.S.C.A. § 533(c).