Jack R. SANFORD, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–582C.

United States Court of Federal Claims.

Nov. 23, 1994.

Neil B. Kabatchnick, Washington, DC, for plaintiff.

Steven J. Abelson, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, Asst. Director Thomas W. Peterson, and Director David M. Cohen, for defendant. Major Carla S. Walgenbach, Dept. of the Air Force, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge.

This case is before the court on defendant's motion to dismiss under RCFC 12(b)(1) and 12(b)(4), and plaintiff's motion for summary judgment. For the reasons set forth below, the court grants the defendant's motion to dismiss under Rule 12(b)(4). Oral argument is deemed unnecessary in the instant case.

## FACTS

Plaintiff, Jack Sanford, served as an active duty United States Air Force (USAF) officer

from May 9, 1961 to July 26, 1967. After receiving an honorable discharge from service in July 1967, Sanford began serving as a reserve officer in the United States Air Force Reserve (USAFR) and the Ohio Air National Guard (OANG). He attained the rank of colonel in both. While serving for the USAFR and OANG, Sanford was also employed in several other capacities.

From July 10, 1978 to September 24, 1978, plaintiff was employed as a full-time Equal Opportunity Officer by the Army Reserve National Guard (ARNG). He later transferred to a federal civil service position as a technician for the Army National Guard. Plaintiff's position with the Army National Guard afforded him dual status as a federal civil service employee and a federally recognized member of the USAFR and OANG. Although his job with the Army National Guard was not considered active duty military service, his continued commissioned status in the OANG was a prerequisite to continued civil service employment with the Army National Guard. From July 1978 through March 1979, plaintiff also found the time to work full-time in the private sector, at Nationwide Insurance Company (NIC).

On November 22, 1982, the Office of Air Force Special Investigation (OIS) informed Sanford he was under investigation. OIS maintained that plaintiff had submitted false pay and overtime hours in connection with his reserve duties. OIS also alleged that Sanford's employment with NIC was an incompatible conflict of interest between his civil service and military appointments. In addition, OIS asserted that plaintiff had misrepresented his military status to the Nationwide Insurance Company.

On October 7–8, 1983, an air force board met to determine whether action should be taken against plaintiff. The board found that plaintiff had committed some of the allegations identified by OIS, and concluded that his conduct was incompatible with standards of personal conduct, character, and integrity expected of an officer. Following this determination, the board recommended that Sanford be given a general discharge under honorable conditions from the USAFR and OANG.

Upon petition by plaintiff, the National Guard Bureau reviewed the board's decision. In an advisory opinion, the Bureau confirmed the recommendation of plaintiff's general discharge, and further advised that plaintiff be retired at the highest grade of service held to be satisfactory by the Secretary of the Air Force. Subsequently, the Air Force Personnel Board reviewed the National Guard Bureau's decision and recommended that the plaintiff be discharged from service at the grade of lieutenant colonel because his service at the grade of colonel was unsatisfactory.

On June 29, 1984, after further administrative review, the Deputy for Air Force Review Boards, acting for and on behalf of the Secretary of the Air Force, issued an order reducing Sanford's grade to lieutenant colonel, withdrawing federal recognition of plaintiff as an officer in the OANG, and ordering plaintiff's general discharge under honorable conditions from the USAFR and OANG at the grade of lieutenant colonel. On July 19, 1984, plaintiff was discharged from service in the USAFR and OANG.

Plaintiff appealed the Deputy's order by application to the Air Force Board for Correction of *Military Records* (AFBCMR). Upon review the AFBCMR found that Sanford had failed to produce evidence demonstrating the probable existence of material error or injustice, and denied his application. Plaintiff's further attempts to challenge his discharge and reduction in grade, and correct his records, were also denied.

On June 28 1990, Sanford filed an original complaint with this court alleging that his discharge from the USAFR and OANG was erroneous, arbitrary, capricious, contrary to law and regulation, and in violation of his Constitutional right to due process. Plaintiff filed an amended complaint on June 15, 1992, seeking an order: (1) voiding his discharge from military service in the rank of lieutenant colonel, (2) correcting his military records, (3) reinstating him to the rank of colonel, and (4) awarding him money damages in the form of back pay and allowances pursuant to 10 U.S.C. § 1552 and 37 U.S.C. § 204, and Air Force Regulation 31–3. On Novem-

ber 22, 1993, plaintiff filed a second amended complaint asserting jurisdiction under 10 U.S.C. § 1552, Air Force Regulation 31–3, and 37 U.S.C. § 206, and withdrawing his claim under section 204.

By motion to dismiss filed January 24, 1994, defendant argued that this court lacks jurisdiction over the plaintiff's claim. In the alternative, defendant contended that plaintiff failed to state a claim for which relief can be granted.

## DISCUSSION

The United States Court of Federal Claims was established for the specific purpose of paying the debts of the United States. *United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). The Tucker Act defines the subject matter jurisdiction of the Court of Federal Claims, in relevant part, as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C.A. § 1491(a)(1) (West 1988 & Supp. 1994).

It is well established, however, that the Tucker Act is a jurisdictional statute only; "it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Moreover, a claim arising out of the Constitution, an act of Congress or an executive department regulation must " 'fairly be interpreted as mandating compensation by the Federal Government for the damages sustained' " to fall under the terms of the Tucker Act. *Dehne v. United States,* 970 F.2d 890, 893 (Fed.Cir.1992) (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983)); *see also, Eastport S.S.*

*Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967).

As the party invoking the jurisdiction of this court, plaintiff bears the burden of establishing that either 37 U.S.C. § 206, or 10 U.S.C. § 1552 mandates money damages. *Maniere v. United States,* 31 Fed.Cl. 410, 413 (1994) (citations omitted). If these statutes merely permit discretionary payment, they cannot form the basis for jurisdiction in this court. *Adair v. United States,* 227 Ct.Cl. 345, 648 F.2d 1318, 1322 (1981) (citations omitted).

█ This court may only grant equitable relief if it is collateral to a money judgment. *See Skinner v. United States,* 219 Ct.Cl. 322, 594 F.2d 824, 829 (1979). Therefore, absent a money mandating statute this court lacks the power to void Sanford's discharge, correct his military records, or reinstate Sanford to the rank of colonel. *McCann v. United States,* 12 Cl.Ct. 286, 288 (1987) (citing *Smith v. United States,* 228 Ct.Cl. 168, 654 F.2d 50, 52–53 (1981)).

## I. 37 U.S.C. § 206

### A. Subject Matter Jurisdiction

Section 206(a) provides:

> [A] member of the National Guard or a member of a reserve component of a uniformed service . . . is entitled to compensation, at the rate of ⅟₃₀ of the basic pay authorized for a member of a uniformed service of a corresponding grade entitled to basic pay—
>
> (1) for each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours, including that performed on a Sunday or holiday;
>
> (2) for the performance of such other equivalent training, instruction, duty or appropriate duties, as the Secretary may prescribe; or
>
> (3) for a regular period of instruction that the member is scheduled to perform but is unable to perform because of physical disability resulting from an injury, illness. . . .

37 U.S.C.A. § 206(a) (West 1988 & Supp. 1994).

It is uncontroverted that section 206 mandates compensation to reservists under appropriate circumstances. First, it mandates pay when a reservist has performed actual duties. *See Banks v. Garrett,* 901 F.2d 1084, 1087 (Fed.Cir.), *cert. denied,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990); *Heim v. United States,* 22 Cl.Ct. 341, 344, *aff'd,* 949 F.2d 403 (Fed.Cir.1991). The statute also mandates compensation when a reservist has been unable to perform duties due to injury, illness, or disease, and the injury was incurred or exacerbated in the line of duty or when traveling to perform assigned duties. *See* 37 U.S.C. § 206(a)(3); *see also Dehne,* 970 F.2d at 893.

Because section 206 directs payment to reservists that meet the requirements of the statute, section 206 is a pay mandating statute as long as plaintiff seeks payment as a reservist. *See, e.g., Heim,* 22 Cl.Ct. at 344. If a reservist does not qualify for payment under section 206, his or her claim should be dismissed on the merits, not for lack of jurisdiction. In the instant case, plaintiff sought damages under section 206 based on his status as a reservist. Therefore, this court has jurisdiction to determine whether plaintiff is entitled to payment under the statute. *See Miller v. United States,* 29 Fed.Cl. 107, 112 (1993) (citing *Dehne,* 970 F.2d at 892).

### B. Failure to State a Claim

Although this court has jurisdiction pursuant to 37 U.S.C. § 206, plaintiff's claim under section 206 fails to state a claim upon which relief can be granted. A claim should not be dismissed for failure to state a claim unless the complaint asserts no facts which would entitle plaintiff to recovery. *See, e.g., Heim,* 22 Cl.Ct. at 344 (citations omitted). In examining a Rule 12(b)(4) motion, the court must assume all plaintiff's factual allegations are true and make all reasonable inferences in favor of plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *White Mountain Apache Tribe v. United States,* 8 Cl.Ct. 677, 681 (1985). If no facts exist upon which plaintiff could prevail, then the claim should be dismissed on the

merits. *Alonge v. United States,* 30 Fed.Cl. 519, 520 (1994) (citing *Mostowy v. United States,* 966 F.2d 668, 672 (Fed.Cir.1992)).

Under the plain language of section 206, a reservist must actually perform duties to be entitled to compensation. *Ayala v. United States,* 16 Cl.Ct. 1, 4 (1988) (citing *United States v. Wickersham,* 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906)); see also, *Banks,* 901 F.2d at 1087; *Huber v. United States,* 29 Fed.Cl. 260, 262–63 (1993); *Heim,* 22 Cl.Ct. at 343–44. The only exception to the actual performance rule is when a reservist has been unable to perform assigned duties due to injury, illness, or disease and, *if* the injury, illness, or disease arose out of the performance of actual duties. *Dehne,* 970 F.2d at 893.

In this case plaintiff did not perform actual duties. Further, his non-performance did not arise out of injury, illness, or disease. Therefore, any award under section 206 would have to be based on a presumption of the hours Sanford would have worked but for the unlawful discharge, i.e., an award of constructive service. The United States Court of Appeals for the Federal Circuit, however, expressly stated that 37 U.S.C. § 206(a) does not permit payment for constructive service. *See Dehne,* 970 F.2d at 893. Because plaintiff has not performed any actual duties, there are no facts which would entitle him to relief under the terms of section 206. *Dehne,* 970 F.2d at 893; *Finkelstein v. United States,* 29 Fed.Cl. 611, 621 (1993); *Huber,* 29 Fed.Cl. at 263. Even if plaintiff were to prevail in showing that his discharge had been wrongful, "there would exist no statutory basis for awarding him back pay for work never actually performed." *See Huber,* 29 Fed.Cl. at 264 (citations omitted); see *also, Dehne,* 970 F.2d at 894; *Heim,* 22 Cl.Ct. at 344. Plaintiff cannot prevail under 37 U.S.C. § 206.

## II. 10 U.S.C. § 1552

### A. Subject Matter Jurisdiction

Because plaintiff's claim under section 206 is without merit, it is necessary to determine whether Sanford has a right to relief under 10 U.S.C. § 1552. Section 1552

gives the Secretary of each military department the authority to correct records of military personnel in cases of injustice or error. 10 U.S.C. § 1552(a) (1988). If, as a result of correcting military records, "a claim for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits ... is *found to be due* the claimant on account of his or another's service, ..." the statute provides that the Secretary "may pay" that amount under section 1552(c). 10 U.S.C. § 1552(c) (emphasis added). Further, section 1552(c) has been held to mandate payment by the Secretary in circumstances where a claimant qualifies for compensation following a change of records. *Denton v. United States,* 204 Ct.Cl. 188, 195, 1974 WL 21682 (1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975); *Ray v. United States,* 197 Ct.Cl. 1, 453 F.2d 754, 756–57 (1972). Therefore, this court has jurisdiction if the Secretary makes a correction to military records but fails to authorize the relief that has become due as a result of the correction.

In the instant case, the military review boards have declined to correct Sanford's records. Therefore, plaintiff asks this court to correct his records, reinstate him to the rank of colonel, and then award him back pay based on the premise that he would have performed actual duties but for the discharge. In *Blum,* the Court of Claims accepted jurisdiction under 1552(c) despite the fact that plaintiff's records had not been corrected by a military board of review to reflect a disability retirement rather than a retirement based on length of service. *Blum v. United States,* 227 Ct.Cl. 555, 559, 1981 WL 21399 (1981). In so doing, the court expressly stated that section 1552 is a money mandating statute. *Id.* at n. 3.

Since *Blum,* a three-judge panel of the federal circuit ruled that section 1552 is not a money mandating statute. *See Dehne,* 970 F.2d at 894; *accord Barth v. United States,* 28 Fed.Cl. 512, 515 (1993). Although this court finds the rationale of the *Dehne* court compelling, absent an *en banc* decision by the federal circuit, this court is constrained to hold that section 1552 confers subject matter in the instant case. *See Maniere v. United States,* 31 Fed.Cl. 410, 415 (1994) (citing *Messerschimdt v. United States,* 29 Fed.Cl. 1, 61, *aff'd,* 14 F.3d 613 (Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1382, 128 L.Ed.2d 57 (1994)).

### B. Failure to State Claim

■ Although this court is required to assume jurisdiction under section 1552, plaintiff's claim for relief must still qualify for damages under the statute. Section 1552 does not by its terms define an award of back pay; it only provides the the Secretary with the authority to correct records and to order payment of amounts due because of the correction. *See* 10 U.S.C. § 1552(c).

In *Ray,* 453 F.2d 754, and *Blum,* 227 Ct. Cl. 555, 1981 WL 21399, plaintiffs were retired from the military based on longevity and both sought corrections based on disability. Under the Internal Revenue Code, disability retirement pay was tax-exempt; regular retirement pay was not. Therefore, once the records were corrected, the amounts incorrectly withheld as taxes became "due" under section 1552. *See Ray,* 453 F.2d 754; *Blum,* 227 Ct.Cl. 555, 1981 WL 21399.

To determine what payment would be "due" Sanford if this court were to correct his records, it is necessary for the court to look outside section 1552. For example, in *Sanders v. United States,* the plaintiff's records were corrected to reflect continuous active duty status. 219 Ct.Cl. 285, 594 F.2d 804, 820 (1979). Under 37 U.S.C. § 204, therefore, plaintiff then became entitled to back pay based on his status as a member of the active duty armed services. *See* 37 U.S.C. § 204; *see also Skinner,* 594 F.2d at 830–31.

As an inactive reservist, the source of plaintiff's right to pay arises out of, and is defined by 37 U.S.C. § 206. *See supra.* Accordingly, because the amount of any payment under 10 U.S.C. § 1552(c) would be determined by the basic pay provision of 37 U.S.C. § 206, and plaintiff does not qualify for pay under section 206, Sanford cannot be entitled to compensation pursuant to section 1552. Therefore, plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

### III. 28 U.S.C. § 1631

■ Plaintiff also asked this court to transfer the case if it determined the complaint failed to state a claim for which relief can be granted. Under 28 U.S.C. § 1631, if it is in the interests of justice, this court may transfer an action over which it does not have jurisdiction to any other court with jurisdiction. 28 U.S.C.A. § 1631 (West 1994). In the instant case, the court has jurisdiction over plaintiff's claims. Further, under the facts and circumstances of this case, the court determines it is not in the interests of justice to allow plaintiff to amend his complaint so that it may be transfered. Therefore, plaintiff's request for transfer pursuant to 28 U.S.C. § 1631 is denied.

### CONCLUSION

Because the court determines that plaintiff is not entitled to money damages under either 37 U.S.C. § 206, or 10 U.S.C. § 1552, plaintiff's claim is dismissed for failure to state a claim upon which relief can be granted. Further, because this decision renders plaintiff's cross-motion for summary judgment moot, plaintiff's motion is denied. Plaintiff's request to transfer this case is also denied.

**IT IS SO ORDERED.**